UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATALYA HAMPEL       *
    Plaintiff         *
              *
   v.            *    CIVIL NO. L-09-2673
              *
UNITED STATES OF AMERICA   *
    Defendant       *
            *******

MEMORANDUM

Pro se plaintiff Natalya Hampel has brought several claims against the United States that arise out of the March 2002 death of her husband, Joseph Hampel. Now pending is the Government's Motion to Dismiss (Docket No. 8). No hearing is necessary to decide this matter. See Local Rule 105.6 (D. Md. 2008). For the reasons stated herein, the Court will, by separate Order of even date, GRANT the Government's Motion. The Clerk is DIRECTED to CLOSE the case.

**I. Background**

Mrs. Hampel filed her Complaint on October 9, 2009. Count I alleges that Mr. Hampel's death was caused by negligent medical care he received at several Veteran's Affairs ("VA") medical centers. Counts II and III allege that the Government violated Mrs. Hampel's constitutional rights by denying her claims for VA benefits. Counts IV and V allege that the Government invaded Mrs. Hampel's privacy by making false statements in Mr. Hampel's medical charts (Count IV) and attempting to have him declared incompetent (Count V). Count VI alleges that the Government violated Mr. and Mrs. Hampel's constitutional rights by subjecting them to warrantless electronic surveillance and physical searches.

The Government filed a Motion to Dismiss on January 22, 2010. Docket No. 10. On February 4, 2010, Mrs. Hampel filed a "Motion for Order to Instruct Defendant to Answer Complaint," which the Court construed as a response in opposition to the Government's Motion. Docket Nos. 12, 13. The Court afforded Mrs. Hampel an opportunity to supplement her opposition, and Mrs. Hampel filed additional materials on April 7, 2010.[1] Docket No. 17.

**II.  Discussion**

    **A.  Standard**

The Government contends that Mrs. Hampel's Complaint should be dismissed for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim. There are two ways in which to present a 12(b)(1) motion for lack of subject matter jurisdiction. First, a defendant may claim that a complaint "fails to allege facts upon which subject matter jurisdiction can be based." Adams v. Bain, 697 F.2d 1213, 1219 (4th. Cir. 1982). All the facts alleged in the complaint are assumed to be true and the plaintiff is essentially given the same procedural protection as she would have under a Rule 12(b)(6) motion for failure to state a claim upon which relief may be granted. Id.

Second, a defendant may claim that the jurisdictional allegations of the complaint are sufficient, but are not true. Id. In that event, the Court may consider evidence beyond the pleadings in satisfying itself of its authority to hear the case without converting the proceeding to one for summary judgment. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead plausible, not merely conceivable, facts in support of his claim. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). The complaint must state "more than labels and

---

[1] The Government had previously indicated that it would not be filing a reply brief. See Docket No. 15.

2

conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965. The Court must, however, "assume the veracity [of well-pleaded factual allegations] and then determine whether they plausibly give rise to an entitlement of relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

### B. Analysis

#### 1. Count I – Medical Malpractice

The Government argues that the Court lacks jurisdiction to hear Mrs. Hampel's medical malpractice claims because she has not complied with the Maryland Health Care Malpractice Claims Act (the "HCMCA"), Md. Code Ann., Cts. & Jud. Proc. § 3-2A-01 (West 2010). Because Mrs. Hampel has sued the United States, her claim is brought under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 1346(b).

The FTCA permits liability in the same manner and to the same extent as a private individual under like circumstances. See United States v. Orleans, 425 U.S. 807, 813 (1976) (noting that the FTCA is "a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment"). It is well settled that the requirements of the HCMCA apply to medical malpractice cases brought in Maryland under the FTCA. See, e.g., Mizrach v. United States, No. AMD-08-2030 (D. Md. Feb. 17, 2009), aff'd per curiam, 334 Fed. Appx. 571, 572 (4th Cir. 2009) (unpublished); Anderson v. United States, No. CCB-08-3, 2008 WL 3307137, at *3 (D. Md. Aug. 8, 2008) (unpublished).

The HCMCA establishes several requirements that must be met before certain medical malpractice actions may be filed. Among these is the requirement that the claim be presented to the Director of the Maryland Health Claims Alternative Dispute Resolution Office. § 3-2A-

3

04(a)(1)(i). The claim must be accompanied by a certificate of a qualified expert, which is to be filed with the Director within 90 days from the date of the complaint, and must attest "to departure from standards of care, and that the departure from standards of care is the proximate cause of the alleged injury." § 3-2A-04(b)(1)(i).

Mrs. Hampel has not pled, and there is no indication in the record, that she has complied with the HCMCA. Accordingly, Count I will be dismissed for lack of subject matter jurisdiction.[2]

### 2. Counts II and III – Denial of VA Benefits

Counts II and III allege constitutional violations stemming from the VA's denial of Mrs. Hampel's claim for benefits. Since Congress established the Court of Veterans Appeals, federal courts have repeatedly held that they lack jurisdiction over challenges to VA benefits decisions.[3] Mrs. Hampel attempts to avoid this bar by cloaking her claims in constitutional language. See Compl. ¶ 27 (alleging that the VA violated Mrs. Hampel's due process rights by "suppression of documents and statements and disregard for plaintiff's appeals"). It is well established that federal courts do not have jurisdiction over a decision that affects benefits, "even if a constitutional right has been violated." Velayo v. V.A. Domicilliary Aftercare Program, 36 Fed. App'x 403, 404 (10th Cir. 2002). Accordingly, Counts II and III will be dismissed for lack of subject matter jurisdiction.

---

[2] In its Motion, the Government argues that Mrs. Hampel's medical malpractice claims are time-barred. Gov't Mot. 12-17. If Mrs. Hampel complies with the HCMCA and re-files her Complaint, the Government may reassert its statute of limitations defense.

[3] See, e.g., Zuspann v. Brown, 60 F.3d 1156, 1159-1160 (5th Cir. 1995), cert. denied, 516 U.S. 1111 (1996) ("Congress has set up an exclusive review procedure for decisions involving veterans benefits determinations, and the district court in this case correctly concluded that it lacked subject matter jurisdiction to hear [plaintiff's] challenge to the VA's decision to deny him benefits."); Sheppard v. Geren, No. 07cv1279, 2008 WL 4919460, at *3 (E.D. Va. Feb. 19, 2008) (unpublished) (dismissing plaintiff's complaint because he sought for district court to review VA's determination regarding his eligibility for benefits).

### 3. Counts IV and V – Invasion of Privacy

In Counts IV and V of the Complaint, Mrs. Hampel alleges that the VA interfered with her privacy by making false statements in her husband's medical records (Count IV) and seeking to have Mr. Hampel declared incompetent (Count V). As discussed above, the United States is liable under the FTCA only to the extent that it has waived sovereign immunity. See 28 U.S.C. § 1346(b); Orleans, 425 U.S. at 813. The FTCA excludes from the waiver of immunity specific types of tort claims, including intentional torts and claims "arising out of" those torts. See 28 U.S.C. § 2680(h); see also Tinch v. United States, 189 F. Supp. 2d 313, 317 (D. Md. 2002) (applying § 2680(h) to tort of intentional infliction of emotional distress). Because Counts IV and V are alleged as intentional torts or claims arising out of intentional torts, they will be dismissed for lack of subject matter jurisdiction.

### 4. Count VI – Violation of Constitutional Rights

In Count VI, Mrs. Hampel alleges that the Government violated her and her husband's constitutional rights by subjecting them to warrantless electronic surveillance and physical searches. Mrs. Hampel also alleges that the Government's conduct was motivated by racial animus.[4] Mrs. Hampel, however, has not pled any plausible facts in support of this claim. Accordingly, Count VI will be dismissed. See Twombly, 127 S. Ct. at 197; see also Neitzke v. Williams, 490 U.S. 319, 328 (1989) (noting that Courts do not have jurisdiction over claims "based on fantastic, delusional scenarios").[5]

---

[4] Mrs. Hampel is African-American, and Mr. Hampel was white.
[5] The Court also lacks jurisdiction over the claims because a plaintiff may not seek to recover money damages from the United States for constitutional torts. See F.D.I.C. v. Meyers, 510 U.S. 471, 477-78 (1994).

5

## III. Conclusion

For the reasons stated herein, the Court will, by separate Order of even date, GRANT the Government's Motion.  The Clerk is DIRECTED to CLOSE the case.

Dated this  15th  day of April , 2010.                             /s/
                                                                    Benson Everett Legg
                                                                    United States District Judge